UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

**CIVIL ACTION NO. 22-74-DLB**

**DAMIEN A. SUBLETT**                                                     **PLAINTIFF**

**v.**              **MEMORANDUM OPINION AND ORDER**

**JOYCE PUCKET, et al.,**                            **DEFENDANTS**

*** *** *** ***

Plaintiff Damien A. Sublett is an inmate currently confined at the Lee Adjustment Center in Beattyville, Kentucky. Proceeding without an attorney, Sublett has filed a civil complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants have acted with deliberate indifference to Sublett's serious medical needs in violation of the Eighth Amendment. Specifically, Sublett alleges that Defendants have discontinued his prescription for nerve pain (Neurontin) and replaced it with a different medication (Nortriptyline) which he claims is ineffective. (Doc. # 1). Sublett has not paid the $402.00 filing fee, but he has filed a motion to proceed *in forma pauperis*. (Doc. # 3). However, for the reasons stated herein, Sublett's motion will be denied and his complaint will be dismissed.

First, Sublett did not pay the required filing fee. While Sublett did file a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Doc. # 3), Section 1915(g) requires a prisoner to pay the filing fee in full at the outset of the case if the prisoner has, while in custody, filed three or more civil cases or appeals in federal court which were dismissed as frivolous or for failure to state a claim upon which relief may be granted. 28

1

U.S.C. § 1915(g). Thus, once a prisoner has three "strikes," any new case filed thereafter must include prepayment of the entire $402.00 in fees. 28 U.S.C. § 1915(g).

Sublett has an extensive litigation history, including filing several cases in both this Court and the Western District of Kentucky. The federal courts' online PACER database indicates that, since 2007, Sublett has filed nineteen civil actions in federal court while incarcerated.[1] At least six and as many as seven of these cases have been dismissed for failure to state a claim upon which relief may be granted or as frivolous or malicious:

1. *Sublett v. White*, No. 5:12-CV-97-TBR (W.D. Ky. 2012);

2. *Sublett v. White*, No. 5:12-CV-106-TBR (W.D. Ky. 2012);

3. *Sublett v. McAlister*, No. 5:16-CV-138-TBR (W.D. Ky. 2016);

4. *Sublett v. Beavers*, No. 5:17-CV-195-TBR (W.D. Ky. 2017);

5. *Sublett v. Helton*, No. 0:19-CV-04-HRW (E.D. Ky. 2019);

6. *Sublett v. Doe*, No. 5:20-CV-60-GFVT (E.D. Ky. 2020); and

7. *Sublett v. Howard, et al.*, No. 0:20-CV-088-WOB (E.D. Ky. 2020).

In fact, after finding the Sublett had forged several signatures and falsified numerous documents in a proceeding, the United States District Court for the Western District of Kentucky imposed a permanent injunction prohibiting Sublett from proceeding *in forma pauperis* in that Court and from filing any new complaint or removal petition without first obtaining Court approval. *Sublett v. Henson*, No. 5:16-CV-184-TBR (W.D. Ky. 2016) [Doc. # 120]. *See also Sublett v. Howard*, No. 0:18-CV-84-HRW (E.D. Ky. 2018) [Doc. # 29 therein (noting that several documents Sublett filed with the Court

---

[1] The Court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).

appeared to be altered or falsified and cautioning that the Court may impose sanctions in the future)]. Therefore, Sublett may not proceed *in forma pauperis* in this action.

In his complaint, Sublett admits that he is subject to the "three strikes rule" (Doc. # 1 at 21). However, in his motion to proceed *in forma pauperis*, Sublett argues that he may still proceed without pre-payment of the filing fee because he has a serious medical condition which causes his severe pain and suffering. (Doc. # 3-1). According to Sublett, his claim is therefore a claim of "exigent circumstances," thus he may still proceed *in forma pauperis*.

Section 1915(g) does contain a provision that allows a prisoner with three strikes to nevertheless proceed without pre-payment of the full filing fee if "the prisoner is under imminent danger of serious physical injury." To be eligible to proceed under this exception, "the prisoner must plausibly allege such a danger." *Gresham v. Meden*, 938 F.3d 847, 849 (6th Cir. 2019) (citing *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013)). "A physical injury is "serious" for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm. Minor harms or fleeting discomfort don't count." *Id*. at 850.

In *Gresham*, the Sixth Circuit pointed to various examples of "serious physical injuries" that have been found to satisfy this exception, including "impending amputations and potential coma or death"; "risks of organ damage, organ failure, and death"; and "risk of life-threatening disease from exposure to asbestos." *Id*. at 850 (citations omitted). However, allegations of "[c]hest pains, muscular restlessness, seizures, vomiting, stomach cramps, and dizziness" do not. *Id*. While the Sixth Circuit recognized that the latter injuries "can cause discomfort and pain, to be sure," it explained that "they are

typically temporary and rarely life threatening." *Id*. The Court of Appeals further noted the significance of the fact that the prisoner remained under medical supervision, explaining that:

> [t]hese simply are not the kinds of injuries that can lead to impending death or other severe bodily harms and, no less importantly, Gresham has not remotely alleged how his complaints could lead to such harms while he is under medical supervision. No doubt, one could hypothesize scenarios in which some of Gresham's symptoms could lead to a "serious physical injury." But we can't speculate about risks and injuries that Gresham could have alleged but did not.

*Id*. (citation omitted).

Here, Sublett has alleged "severe pain and suffering" resulting from his nerve pain. However, as with the Plaintiff in *Gresham*, while the Court recognizes that nerve pain can cause discomfort and pain, it is not the kind of injury "that can lead to impending death or other severe bodily harms." Moreover, Sublett's allegations and submissions of his extensive medical records show that he is currently under medical supervision (Docs. # 1 and 6-1), and Sublett has made no allegation suggesting that his nerve pain could lead to "impending death or other severe bodily harms" while he is under medical supervision. For these reasons, his claims of nerve pain are insufficient to permit him to proceed *in forma pauperis* under the "serious physical injury" exception to 28 U.S.C. § 1915(g). As explained by the Sixth Circuit, "[p]auper status is a privilege, not a right," *id*. at 841, one which Sublett lost by repeatedly filing meritless lawsuits.

Moreover, even if the Court were to grant Sublett's motion to proceed *in forma pauperis*, Sublett's complaint would be dismissed on initial screening under 28 U.S.C.

4

§§ 1915, 1915A because it fails to state a viable Eighth Amendment claim against the Defendants.[2]

"In order to state a cognizable claim [under the Eighth Amendment] a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim involves a two-part inquiry with both an objective and a subjective component: (1) the plaintiff must allege a sufficiently serious medical need, and (2) the plaintiff must allege facts that "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (quoting *Comstock v. McCrary*, 273 F.3d 693, 607 (6th Cir. 2001)).

While Sublett's medical needs related to his nerve pain may be sufficiently serious, to satisfy the subjective component of an Eighth Amendment claim, Sublett must allege facts showing that Defendants acted with a knowing and culpable disregard for his well-being. *Estelle*, 429 U.S. at 104; *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Arnett v. Webster*, 658 F. 3d 742, 751 (7th Cir. 2011) ("Deliberate indifference is more than negligence and approaches intentional wrongdoing."). What will not suffice are allegations that plaintiff's doctors were merely negligent in their diagnosis of the prisoner's medical condition, or simply failed to provide adequate medical care. *Rhinehart v. Scutt*, 894 F. 3d 721, 736 (6th Cir. 2018). *See also Comstock*, 273 F.3d at 703.

---

[2] The Court conducts a preliminary review of complaints filed by plaintiffs granted permission to pay the filing fee in installments and by prisoners asserting claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Sublett alleges that he was prescribed Neurontin in 2017 for treatment of cervical myelopathy. (Doc. # 1). He claims that he was originally prescribed Nortriptyline, but it did not alleviate his nerve pain on its own, nor did a combination of Nortriptyline, Baclofen, Ibuprofen, and Neurontin. Although surgery has been recommended (and he has been warned of the potential nerve damage if surgical repair is not done), Sublett has refused, citing concerns of risks, including a chance of paralysis. (Docs. #1 at 7 and 6-1 at 28, 42, 58, 63, 65-68, 85-86, 90-91,92-93, 107-108).

Sublett alleges that, since around 2017, he has been on a variety of combinations of prescription medications for treatment of his nerve pain, including Neurontin and Nortriptyline, but that Nortriptyline on its own is not sufficiently effective. (Doc. # 1 at 6-7). He states that in December 2021, he conveyed to Nurse Pucket that the combination of Neurontin and Nortriptyline that he was on at the time was working. (Doc. # 1 at 7). However, after Sublett's Neurontin prescription expired in December 2021, Nurse Pucket informed Sublett that she had spoken with Nurse Dickerson and Dr. Smith and they agreed that Sublett's Neurontin (Gabapentin) should be discontinued. (Doc. # 1 at 8). Sublett alleges that Nurse Pucket explained that there was a new policy in place that, if a patient had been on Gabapentin for a very long time, the prescription should be stopped because other inmates have abused the medication. (*Id*.). Sublett denies that he has ever had a history of drug abuse and claims that he has suffered pain, severe anxiety, and depression since the Neurontin has been discontinued. He claims that he has informed Pucket and Dickerson that he continues to be in severe pain and that the Nortriptyline alone is not working, but that they still maintain that the Neurontin should be discontinued. (*Id*. at 8-10).

6

Thus, Sublett's allegations and submission of his medical records establish that he is being provided with medical care for his back pain, he just disagrees with the current course of treatment for his medical condition. However, the failure to provide adequate medical care violates the Eighth Amendment "only when the doctor exhibits 'deliberate indifference to a prisoner's serious illness or injury'…that can be characterized as 'obduracy and wantonness' rather than 'inadvertence or error in good faith.'" *Rhinehart*, 894 F.3d at 737 (quoting *Estelle*, 429 U.S. at 105, and *Wilson*, 501 U.S. at 299)). Indeed, "the requirement that the official have subjectively perceived a risk of harm and then disregarded it is meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." *Johnson,* 398 F.3d at 875 (quoting *Comstock*, 273 F. 3d at 703).

Where (as here) a prisoner has been examined and provided treatment but the prisoner merely disagrees with the course of care determined by his treating physician in the exercise of his medical judgment, his claim sounds in state tort law – it does not state a viable claim of deliberate indifference under the Eighth Amendment. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004). ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law."); *Durham v. Nu'Man*, 97 F. 3d 862, 868-69 (6th Cir. 1996). Even "[w]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but

7

merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock*, 273 F. 3d at 703.

Thus, while Sublett may disagree with the decision to change his medical prescription – and, indeed, while he may argue that the treatment provided fell below the applicable standard of care – these allegations do not suggest the sort of intentional indifference which is the touchstone of a constitutional claim under the Eighth Amendment. Accordingly, Sublett's complaint, even if construed broadly, fails to state a claim for violation of the Eighth Amendment. Thus, in addition to his failure to pay the required filing fee, dismissal of Sublett's complaint is warranted for failure to state a claim for relief.

Sublett has also filed an "emergency motion for temporary injunction," (Doc. # 6), which will also be denied. It is fundamental that the moving party bears the burden of establishing his entitlement to a preliminary injunction. *See Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) ("A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it."). In order to determine whether preliminary injunctive relief is warranted, the Court considers whether the moving party has demonstrated (1) a substantial likelihood of success on the merits; (2) irreparable harm if the injunction is not granted; (3) the absence of substantial harm to others if the injunction is granted; and (4) furtherance of the public interest if the injunction is granted. *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014). These elements are factors to be considered and balanced in each case, not rigid requirements. *In re Eagle-Pitcher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir.1992). While

"no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

Because Sublett's complaint fails to allege an Eighth Amendment violation with respect to his medical care, he has no likelihood of success on the merits. Thus, he is not entitled to the injunctive relief that he seeks.

Sublett incurred liability to pay the entire filing fee the moment he filed this action. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) ("Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint or notice of appeal is filed. Any subsequent dismissal of the case does not negate this financial responsibility.") (cleaned up), *abrogated on other grounds by, Jones v. Bock*, 549 U.S. 199 (2007). *See also In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) ("Filing occurs when the complaint is delivered to the district court clerk, and the obligation to pay the filing fee arises at that time. The subsequent dismissal of the action under § 1915(g) for failure to pay that fee does not negate or nullify the litigant's continuing obligation to pay the fee in full.").

The Court will nonetheless exercise its discretion not to assess the filing fee at this time. However, the Court may revisit this decision and require immediate payment of the full filing fee should the circumstances warrant. The Court may also impose sanctions or future filing restrictions.

Accordingly, it is **ORDERED** as follows:

(1)   Sublett's motion to proceed *in forma pauperis* (Doc. # 3) is **DENIED**;

(2) Sublett's complaint alleging a violation of the Eighth Amendment (Doc. # 1) is **DISMISSED** with prejudice. However, this dismissal is without prejudice to Sublett's right to bring a negligence claim in the appropriate state court;

(3) Sublett's "Emergency Motion for Temporary Injunction" (Doc. # 6) is **DENIED**;

(4) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order; and

(5) This matter is **STRICKEN** from the docket.

This 20th day of April, 2022.

Signed By:
*David L. Bunning*  DB
United States District Judge

O:\DATA\ORDERS\PSO Orders\5-22-074-DLB Memorandum Opinion and Order.docx